UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CASEY DALEY, as Personal Representative of the Estates of Troy and Jerusha Twiss,<br><br>                Plaintiffs,<br><br>vs.<br><br>EZ LOADER CUSTOM BOAT TRAILERS, Inc., an Arkansas Corporation, UNIQUE FUNCTIONAL PRODUCTS, formerly a California Corporation, DEXTER MARINE PRODUCTS, LLC, a Delaware Limited Liability Company, TROY LONG, an individual, FIRST CLASS RENTALS, a Utah Limited Liability Company, and BRAD JORGENSEN, an individual,<br><br>                Defendants. | Case No. 4:14-cv-00534-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Casey Daley's Motion to Extend Due Date to Oppose Defendant Brad Jorgensen's Motion for Summary Judgment (Dkt. 72). For the reasons explained below, the Court will grant the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff's parents were killed in a motorcycle accident in July 2013. While riding together on a motorcycle, they were hit by a boat trailer, which had come unhitched from a truck traveling in the opposite lane. Plaintiff alleges claims of strict liability in tort and negligence. She seeks recovery from six defendants:  (1) EZ Loader Custom Boat Trailers, the manufacturer of the boat trailer; (2) Unique Functional Products, the manufacturer of component parts integrated into the boat trailer; (3) Dexter Marine Products, LLC, which allegedly purchased Unique Functional Products; (4) First Class Rentals, the company that rented the boat trailer; (5) Troy Long, the owner and operator of First Class Rentals; and (6) Brad Jorgensen, the individual who rented the boat trailer. *See Fourth Am. Comp.*, Dkt. 45.

In August 2015, the Court entered a Case Management Order establishing various deadlines, including an October 15, 2016 discovery cutoff. In April 2016 – well before the discovery period concluded – Defendant Brad Jorgensen moved for summary judgment. *See* Dkt. 69. Plaintiff requests additional time to respond to the motion under Federal Rule of Civil Procedure 56(d). *See* Dkt. 72. Defendants Unique Functional Products and EZ Loader Custom Boat Trailers join the motion for an extension. *See* Dkts. 77, 79. The moving party, Defendant Brad Jorgensen, has not opposed the requested extension.

## DISCUSSION

Under Rule 56(d), the Court may defer consideration of a motion for summary

MEMORANDUM DECISION AND ORDER - 2

judgment if the party opposing the motion shows that it "cannot present facts essential to justify its opposition." A party requesting a continuance pursuant to Rule 56(d) must identify by affidavit "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

Here, at the time Jorgensen filed his motion for summary judgment, various parties or witnesses – including Jorgensen himself – had not been deposed. Mr. Jorgensen's deposition is tentatively scheduled for later this month and Plaintiff has requested a short extension – until June 13, 2016 – to file her opposing brief. This request is reasonable under the circumstances, and, as noted above, Jorgensen does not oppose the request.

Plaintiff also informs the Court that Jorgensen's summary-judgment motion "will impact not only Plaintiff's claim against Jorgensen, but also the affirmative defenses of the other defendants who will seek to prove that Jorgensen and his son-in-law, Braxton Carter, should be assigned comparative fault for failing to ensure that the trailer coupler was properly secured around the hitch ball on the towing vehicle." *Motion Mem.*, Dkt. 72-1. And, in fact, Defendant EZ Loader Custom Boat Trailers has asked the Court to extend the deadline for responding to defendant Jorgensen's motion for summary judgment until the parties have finished deposing five individuals located in Utah, including defendant Brad Jorgensen, Braxton Carter (the driver of the towing vehicle), Madison Carter (a passenger in the towing vehicle), and Troy Long and Jordan Lea of

**MEMORANDUM DECISION AND ORDER - 3**

Defendant First Class Rentals. *See* Dkt. 72. These depositions are tentatively scheduled to occur in May, though they may be postponed depending on the trial schedule for one of the attorneys.

Under these circumstances, the Court finds good cause to grant an extension. At this time, the Court will not grant the open-ended extension requested by Defendant EZ Loader, but will instead extend the deadline for filing response briefs to **July 15, 2016.** This extension should give the parties sufficient time to complete the Utah depositions, obtain transcripts, and utilize information in these depositions in any written responses to the pending summary-judgment motion.

The Court also advises the parties that if multiple parties intend to move for summary judgment, the Court prefers to hear all motions at the same time, to the extent feasible. Additionally, the Court prefers streamlined briefing. For example, if various defendants move for summary judgment, the Court would typically prefer one longer response brief from the plaintiff, rather than considering multiple shorter briefs. Accordingly, if multiple motions are filed, the parties should be prepared to meet and confer with each other, and with the law clerk assigned to this case, to discuss how best to streamline the briefing and otherwise prepare any summary-judgment motions for hearing.

## ORDER

IT IS ORDERED that:

(1) Plaintiffs' Motion for Extension of Time (Dkt. 72) is **GRANTED**.

(2) Responses to Defendant Brad Jorgensen's pending Motion for Summary Judgment (Dkt. 69) are now due on or before **July 15, 2016.**

DATED: May 13, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 5**